WILLIAM BAKER *v.* F. MICHINARD.

*A party cannot be called into court and then have his capacity to stand in judgment questioned.*

APPEAL from the Sixth District Court of New Orleans, *Duplantier*, J. A. *Saucier* for defendant.

*E. Cambray and H. Train for plaintiff.*—In this case, an order of seizure and sale was issued in the court below, upon a promissory note for $1,500, evidenced by a notarial act of sale to defendant of one lot of ground with the buildings and improvements thereon.

The defendant enjoined the sale on the ground that plaintiff is not the *bonâ fide* owner of the note, and that he has the right to set forth against him the equities he had against Eliza Piet, the original owner thereof; said equities being: That at the time of the maturity of the note, to wit: on or about the 13th May, 1862, he tendered the amount thereof in the only funds then current, meaning, no doubt, Confederate money.

Defendant also avers that he verily believes that he is, and, for nearly two years, has been deprived of the civil possession and of the right of dominion over the property seized; and that his, petitioner's title and right of ownership in the same, is doubtful, and held in suspense by the government of the United States, through the combined action of the military authorities and of the United States treasury department.

A rule was taken by defendant in injunction (the plaintiff in the original suit), on the plaintiff in injunction, to have the injunction dismissed on the ground that plaintiff in injunction being not a loyal citizen, he cannot claim any relief at the hands of a loyal court.

The court ordered him to produce his oath of allegiance; and, having not complied with the ruling of the court, his injunction was dismissed; whereupon, the very judge who signed that dismissal, because plaintiff in injunction was not a loyal citizen, granted the present appeal to that disloyal citizen.

Now, defendant in injunction and appellee contends:

1. That, by his own allegations, plaintiff in injunction and appellant has shown no right of action, he having no real and actual interest in the case. C. P. 15.

2. That he is an enemy to the United States and cannot claim relief at the hands of this honorable and loyal court.

3. That, even if he was a loyal citizen, no legal ground for injunction is shown; as Confederate money has never been held, even by the so-called Confederate government, as legal tender; and this is the very ground upon which he relies to enjoin the sale, and therefore he is not within the purview of C. P. 739.

The motion to dismiss ought to be maintained.

JONES, J. This is an appeal from the Sixth District Court of New Orleans. The defendant, François Michinard, being sued *via executiva*, enjoined proceedings on the ground set forth in his petition of injunc-

BAKER
*v.*
MICHINARD.

tion. A rule was taken by the defendant in injunction on the plaintiff to show cause why said injunction should not be set aside, on the ground that plaintiff, not being a loyal citizen of the United States government, "has not the right to stand in justice, nor capacity therefor." The rule was tried contradictorily; and, after argument, made absolute.

The injunction was dismissed with twenty per cent. damages on the amount of judgment enjoined against plaintiff in injunction; François Michinard and his surety on the injunction bond; Alice Caraters *in solido*.

The court below erred in dismissing the injunction. Whatever may have been the political status of plaintiff in injunction, who was really a defendant, contesting by that mode the claim of the original demand of the plaintiff in the executory proceedings, that is not a means to be used to deprive plaintiff in injunction of urging any legal defence he may have. To call a party into court and then object to his capacity to stand in judgment, is so inconsistent with every principle of justice that it cannot be tolerated by this court.

Therefore, it is ordered, adjudged and decreed, that the judgment of the lower court be reversed, the rule setting aside the injunction be dismissed, and the cause remanded for further proceedings, and the costs of appeal be paid by plaintiff and appellee.